IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF MARYLAND
(BALTIMORE DIVISION)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

ELAINE CHAO,                                  :
  Secretary of Labor,
  U.S. Department of Labor.                   :

      Plaintiff,                           :

v.                                            :     Civil Action No. WMN97-4166

MAGGIO-ONORATO AND                            :
  ASSOCIATES, INC., et al.,
                                  :

      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## SETTLEMENT AGREEMENT AND CONSENT ORDER

The Plaintiff, Secretary of Labor, United States Department of Labor (the "Secretary").

and the Defendants, Maggio-Onorato & Associates, Inc. ("MOA"), Andrew A. Maggio, Sr. ("Mr.

Maggio") and Richard A. Onorato ("Mr. Onorato") (MOA, Mr. Maggio and Mr. Onorato are

collectively referred to hereinafter as the "Defendants"), in consideration of the recitals set forth

below, hereby agree to settle this dispute through the entry of this Consent Order.

WHEREAS, on or about December 12, 1997, the Secretary filed a Complaint in this

action, pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.

§ 1001, *et seq.*, seeking certain legal and equitable relief.

WHEREAS, on or about March 27, 1998, the Defendants filed an Answer denying all

allegations and asserting certain legal and equitable defenses to all of the Secretary's claims.



WHEREAS, as of the date of this Consent Order, the Court has made certain findings of fact and rulings of law on summary judgment and additional Motions for Summary Judgment are currently pending before the Court.

NOW THEREFORE, the parties consent to the entry of this Settlement Agreement and Consent Order as a final resolution without admission or denial of liability and without trial or adjudication of any further findings of fact or conclusions of law.

1.      For purposes of this Consent Order, the parties agree that this Court has jurisdiction over the parties and the subject matter of this action.

2.      Within 10 business days from the date of this Consent Order, the Secretary shall dismiss this case and all claims asserted therein with prejudice. A copy of the stipulation of dismissal with prejudice to be filed is attached hereto as Exhibit 1.

3.      Within 10 business days of the date of this Consent Order, MOA shall notify each Employer of each active Plan that: (i) in 60 days, it will cease serving as Plan Sponsor, Plan Administrator and Plan Fiduciary; (ii) the Employer is a Plan Fiduciary, shall become the Plan Sponsor and shall have 60 days to designate a new Plan Administrator; (iii) if the Employer as Plan Fiduciary and Plan Sponsor does not designate a new Plan Administrator within 60 days that, as a matter of law, the Employer will be deemed the Plan Administrator; (iv) a check in the amount of $2,800.00 is enclosed to the Employer to assist the Employer with any transfer costs incurred by the Employer to act as or to obtain a new Plan Administrator; and (v) MOA will cooperate fully with each new Plan Administrator during the transition, including by providing each new Plan Administrator with all documentation in its possession, custody and control which relates to each such Plan. MOA shall provide copies of all such correspondence and checks to the DOL. MOA will cease serving as the Plan Administrator for each active Plan as soon as a

2

new Plan Administrator is designated or the Employer becomes the new Plan Administrator by default as a matter of law, but in any case, no later than 60 days after the date of this Consent Order. In the interim period until new Plan Administrators are designated, MOA shall continue to serve as Plan Administrator for any Plan that does not have a new Plan Administrator and shall be reasonably compensated for its services as Plan Administrator.

4.    Within 10 business days of the date of this Consent Order, the Defendants shall request that AEGON USA, Inc. and/or Bankers United Life Assurance Company and/or Commercial Union Life Insurance Company, and/or any appropriate parent or subsidiary thereof, designate new agents of record on each of the active insurance certificates being used in each of the active Plans. Within a reasonable amount of time following the entry of this Consent Order, but not longer than 60 days from the date hereof, Defendants and/or any person or entity acting on their behalf shall cease serving as agents of record on each of the active insurance certificates being used in each of the active Plans, provided that new agents of record have been designated by that date. If new agents of record have not been designated within 60 days of the date of this Consent Order, the parties shall cooperate with one another so as to effectuate the new designations as soon as practical under the circumstances. In the interim period until new agents of record are designated, the Defendants shall continue to serve as agents of record on any active certificate that does not have a new agent of record and shall receive all commissions associated therewith. The Defendants will notify the Secretary when they receive confirmation from the insurance companies that they are no longer designated as agents of record with respect to each insurance certificate which is active as of the date of this Settlement Agreement and Consent Order.

5.     After MOA ceases to serve as the Plan Sponsor, Plan Administrator, the Plan Fiduciary, and the agent of record of any Plan which is still active as of the date of this Consent Order, Defendants will voluntarily agree to and shall relinquish all future commissions, if any, which are paid to them, whether paid to them as agents of record, super general agents or general managing agents, said commissions instead to be paid into the Registry of the Court and disbursed in accordance with paragraph 7 below.

6.     The Secretary waives any penalty contained in Section 502(1) of the Act which might otherwise be asserted against MOA since MOA has proven in a written petition that it will not be able to satisfy any such penalty without severe financial hardship.

7.     If the Defendants recover money in their current lawsuit against AEGON NV, AEGON USA, Inc., and Bankers United Life Assurance Company (collectively the "insurance companies"), on account of the insurance companies' acts and omissions with respect to the claims alleged by the Secretary and/or the Defendants' other claims against the insurance companies, MOA shall cause 30 percent of the Defendants' recovery (net of attorneys' fees and expenses) up to a maximum of $100,000.00, to be paid into the registry of the Clerk of this Court. Upon joint motion of the parties hereto, or pursuant to further order of this Court if the parties cannot agree upon a joint motion, the Clerk shall disburse said funds pursuant to such further order.

8.     MOA voluntarily agrees to and shall permanently refrain from acting as a fiduciary in the future with respect to any ERISA covered plans.

9.     Messrs. Maggio and Onorato voluntarily agree to and shall temporarily refrain from acting as a fiduciary with respect to any ERISA covered plans (other than plans covering themselves and/or immediate family members) for a period of seven (7) years.

4

10.    Except for the obligations arising pursuant to this Settlement Agreement and Consent Order, the Secretary, including each Regional Office thereof, hereby releases each of the Defendants from (i) all claims asserted by the Secretary based upon the transactions and occurrences alleged in the Complaint in this case and (ii) all other claims that the Secretary could have brought against any of the Defendants under ERISA through and including the date of this Settlement Agreement and Consent Order where the Secretary had actual knowledge of the claim prior to the effective date of this Settlement Agreement and Consent Order, said release to become effective immediately upon the entry of this Consent Order. As part of the consideration for this Settlement Agreement and Consent Order, the Secretary warrants and represents that, as of the effective date of this Settlement Agreement and Consent Order, the Secretary, including but not limited to each Regional Office of PWBA, is neither conducting nor is contemplating conducting any investigation(s) of any of the Defendants for any ERISA matter whatsoever, nor is it otherwise aware of any alleged violations of ERISA by any of the Defendants that are not being released as part of this Settlement Agreement and Consent Order. The parties understand and agree, however, that this Settlement Agreement and Consent Order is without prejudice to the Secretary's right to investigate and institute future enforcement actions with respect to any matters not covered by this Settlement Agreement and Consent Order. The Court and the parties further understand and agree that this release is not intended to nor does it operate to release from any liability any person or entities who are not a party hereto, including but not limited to claims against Bankers United Life Assurance Company, AEGON USA, Inc., AEGON NV, and/or any parents, subsidiaries, affiliates or other entities related thereto.

11.    Nothing in this Consent Order is intended to nor shall it be construed as precluding any of the Defendants from servicing, brokering, selling, or otherwise placing any

insurance, investments, securities, administration, benefits, or other such contracts, policies or arrangements, and/or for receiving commissions or other remuneration for such services, for or in connection with any employee benefit plan subject to ERISA.

12.    Nothing in this Order is binding on any governmental agency other than the United States Department of Labor.

13.    Each party shall bear its own costs, expenses, and attorneys' fees incurred to date in connection with this case, including but not limited to attorneys' fees which may be available to the Defendants under the Equal Access to Justice Act, as amended.

14.    Any disclosures made pursuant to this Settlement Agreement and Consent Order shall not be construed as a waiver of any privilege, including the attorney-client and attorney-work product privileges.

15.    The Court shall retain jurisdiction over the parties hereto as may be necessary to enforce the provisions of this Consent Order.

IT IS SO ORDERED THIS **3ʳᵈ** DAY OF _July_ , 2001.

_____
William M. Nickerson,
Judge, United States District Court

CONSENTED AND AGREED TO BY:

_____
Arnold M. Weiner
SNYDER, WEINER, WELTCHEK,
  JACOBS & SLUTKIN
Suite 100, The Woodholme Center
1829 Reisterstown Road
Baltimore, Maryland 21208
(410) 653-3700
(410) 653-1537 (FACSIMILE)

[SIGNATURES CONTINUED ON NEXT PAGE]

6

Thomas J. Zagami
HODES, ULMAN, PESSIN & KATZ, P.A.
Suite 400
901 Dulaney Valley Road
Towson, Maryland 21204
(410) 339-6741
(410) 321-7044 (FACSIMILE)
Counsel for the Defendants

Judith E. Kramer,
Acting Solicitor of Labor

Catherine Oliver Murphy
Regional Solicitor

Joan M. Roller, Regional Counsel
I.D. #11012
Pamela W. McKee, Attorney
The Curtis Center, Suite 630 East
170 S. Independence Mall West
Philadelphia, PA 19106-3306
(215) 861-5142
(215) 861-5162 (FACSIMILE)
U.S. DEPARTMENT OF LABOR

Counsel for the Plaintiff

7